# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

THE WILCOX SILVER PLATE COMPANY, RESPONDENT,
*v.* THOMAS GREEN, APPELLANT.

*Memoranda — when may be read in evidence — Statute of frauds — presumption as to existence of New York statute in foreign States.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the value of certain silver plated ware, alleged to have been sold and delivered to the defendant.

Upon the appeal it was claimed that the court below had erred in allowing certain lists of the goods sold and packed to be read in evidence, and also in holding that the contract was not invalid under the statute of frauds.

With reference to these questions the court at General Term say : " We think that the memorandum of the goods ordered, and that of the goods packed and shipped, were properly admitted. In respect to the first the witness testified, in substance, that while he could not give the items in detail from recollection, he could state that the goods contained in the list were those ordered, and that he made and forwarded this list to the plaintiffs immediately after taking the order. This list was allowed to be read merely as a statement in detail of the articles which the witness had testified were ordered ; so in respect to the memorandum of the articles boxed and shipped. The witnesses testified, in substance, that they

had boxed and shipped the articles specified in the memorandum produced; and while they could not state from mere recollection the details of the list, they could and did substantially swear that the details were correctly set forth in the list produced. We think these papers were fairly admissible for the purpose for which they were received within the rules laid down in *Guy* v. *Mead* (22 N. Y., 466); *McCormick* v. *Penn. Cent. R. R. Co.* (49 id., 303); *Halsey* v. *Sinsebaugh* (15 id., 485); *Marcly* v. *Shults* (29 id., 346). Besides it appears, beyond dispute, from the testimony in the case on the part of the defendant, that these goods were actually received at Jackson, Mississippi, and used for the purpose for which they were ordered, and no question is made but that all the several articles named in the memoranda were, in fact, so received. The case therefore does not, and ought not, to turn upon any technical question as to the admissibility of either of the invoices of the articles ordered and sent.

The question as to the effect upon the contract of the statute of frauds, so elaborately and ably discussed by the learned counsel for the appellant, does not seem to us to be an important one in this case. The order for the goods was given in the State of Mississippi. It was to be executed, so far as delivery was concerned, by a delivery to the Adams Express Company in the State of Connecticut. A delivery to the express company is clearly shown, but it is claimed that an acceptance of the goods, as required by our statute of frauds, is not proven, and that therefore the contract is void under the statute. It was held in *White* v. *Knapp* (47 Barb., 549) that the courts of this State will not presume, in the absence of proof, that a statute of frauds like our own exists in another State. All the authorities cited by the learned counsel relate, as we understand them, to presumptions of the common law as it prevails in the various States; and they hold that unless the contrary be affirmatively shown, the courts of this State will presume that the common law of the several States is the same as the common law of this State. But no such presumption is held to arise in respect to statutes, which are subjects of proof, as matters of fact; and the mode in which such proof may be made is expressly declared in section 426 of the Code. The contract and the delivery under it to a designated carrier were valid at common law, and we think

the court below was correct in so holding, on denying the motion for a new trial."

The judgment and order should be affirmed, with costs.

*Francis C. Barlow*, for the appellant. *William Gleason*, for the respondent.

Opinion by DAVIS, P. J. BRADY and DANIELS, JJ., concurred.

Judgment and order affirmed.